Chief Justice Robertson
delivered the Opinion of the Court.
The only question for consideration in this case, is, whether the circuit court erred in dissolving an injunction restraining the appellee from disturbing the appellant, “ in the possession and use of two ferries, and of the tolls” incident thereto.
The bill alleges that, in a suit in chancery, pending in the same court, between Brown and Givens (the appel- *262 lee,) in which the ferry rights were involved” the chancellor had made an order, directing the sheriff to lease “ Brown’s Ferrys,” at or near the mouth of Cumberland, from term to term, (until further order,) to the highest bidder, and to take a bond, with security, from the renter, to keep the same up, according to law, and to retain-the said ferries and boats to answer any further order ; and also, to lake bond and security of the renter lor the rent, payable to the sheriff; ” that the ferries were accordingly rented to the appellant, as the highest bidder therefor, until the next June term of the court; who executed the bond, as required by the order, and thereupon took possession of the Jerries, and had kept them according to law ; — but that an agent, employed by Givens-for that purpose, having taken a memorandum of between fifty and one hundred tolls, which had been paid to the appellant, whilst thus in the use of the ferries, Givens had proceeded, by seven warrants, for the purpose of enforcing a penalty of five pounds, in each case, against the appellant, for exacting toll without legal authority," and would, unless enjoined, continue to harrass him with the like warrants, for all the other tolls.
A court ofchan-cery having ordered a ferry to he leased — the tenant remaining in possession after his lease expired— the order still in force, is entitled to the tolls.
The answer admits the pendency of the suit in chancery, the order therein, and the renting by the appellant, as alleged in the bill; but it insists that, after the date of the lease, the ferries had been discontinued by order of the county court; that the lease expired át the June term of the circuit court, and that the toils, for exacting which the warrants had been issued, had been received after the June term. It does not appear to us judicially, that the order for renting out the ferry, was ever rescinded.
The fragment of a record of the proceedings in the county court, which is exhibited for the purpose of shewing that the ferries had been discontinued, shews that the county court had attempted to discontinue only one of them ; and, even that far, it does not appear to be entitled to any effect, because it does not exhibit a case within the jurisdiction of the county court.
The fact that the ferries had been rented only to the June term, is not material. The circuit court had made no further order ; there had been no other renting, and *263 consequently, according to the tenor and effect of the original order, and of the bond, the appellant was bound to keep up the ferries until otherwise ordered by the chancellor, and had, therefore, a right to the tolls after, as well as before, the June term.
An order of a court, appointing a receiver, to keep up and let out a ferry, will be presumed here — nothing appearing to the contrary — ■ toberegularand valid.
A chancellor having made an. order, in a suit between parties contending for a ferry, appointing a curator, 8f directing him to lease the ferry : it is competent for the court, to protect the lessee, and restrain tiny parly to the suit from annoying him with actions involving any question embraced by the chancery suit. — And this may be done, by a new bill, with injunction ; but more appropriately, by order in the former suit.
The record of the suit in chancery between Brown and Givens, is not exhibited. But, as the appellee does not question the authority of the chancellor in that case) and as a state of case may be readily supposed which would have authorized the appointment of a receiver, this court will not presume that the order for renting the ferries was extrajudicial, but must deem it regular and valid.
As, then, it would seem, that the appellee had no cause of suit against the appellant for the panalty denounced for exacting toll without lawful authority, the only remaining matter for consideration, is, the power to enjoin his vexatious proceedings, by suits or other means, for disturbing or annoying the appellant, in the use of what appears to this court a clear, legal right, assured to him, by a judicial order, made in a suit in which the appellee was a party.
As each suit that was brought, and each that might be brought, must apply to a separate and distinct cause of action, the equitable right to prevent, by injunction, a multiplicity of suits, cannot be looked to as a source of jurisdiction in this case ; and, as the common law tribunals have exclusive cognisance of such suits for penalties, and must be presumed competent to decide on the law«and the rights of the parties, and thus to do justice between them, no apprehension of irreparable injury, in consequence of an unjust decision, could confer jurisdiction to enjoin proceedings at law.
It may be conceded, also, that, had both parties in this case been strangers to the suit in chancery between Brown and Givens, the injunction would have been unauthorized by any rule or principle of equity. But the chancellor, having gotten possession of the controversy between Brown and Givens, had a right to prevent either of them from litigating, by a new suit before a magistrate, any question involved in the suit in chancery between them; *264 and having, by his order, rented the ferries to the appellant, he must, have power to protect him, (against either of them,.,) in the unmolested enjoyment of the ferry privileges, so long as he shall keep the ferries, under the order, and with the approbation or sanction of the court. Without such a power the object of the.suit between Brown and Givens, might be defeated, or in a great degree, frustrated ; and the order for renting out the ferries would he a mere brutmn fulmen. We have not deemed it necessarv to ransack books of reported cases, to find authorities directly in point, because reason and analogy seem to supersede the necessity of any other species of authority than that which they themselves furnish. The reason seems to us too plain to require illustration ; and some analogies mav be seen in 1 Mad. Chy. 106-112 and Baker vs. Hart, 1 Vez. 29.
Now the chief matter of controversy between Brown and Givens, is (as we infer,'', whether Brown, or Givens, be the true owner of the ferries ; or whether they both be owners of separate ferry franchises ; or whether Givens be the grantee of a ferry in trust for Brown. These same.questions might be incidentally involved in the proceedings for penalties ; and one of them (the trust,) is a question which a magistrate is incompetent to decide effectually, or directly. And if the appellee be permitted to go on with his suits at law, not only may the power of the chancellor be evaded, and an unjust and unconscientious use be made of the common law forum, but the appellant may he annoved and persecuted for doing what the chancellor authorized him to do, and by a party to the suit in which the authority was given, and, perhaps, for whose benefit, and at whose instance, the ferries were rented to the appellant. Unless the ferries had been authoritatively discontinued, or the authority of the appellant had expired in some other mode, any attempt of the appellee, to disturb his enjoyment of the ferry privileges, or to question his right, by vexatious suits for penalties, should be deemed a contempt of the authority of the chancellor, and a defiance of his power. And we are of opinion, that the circuit court had power to enjoin. the appellee from pro- *265 «feeding by such suits, or in any other way, to the disturbance of the appellant’s ferry rjghts, as intended to be secured, by the order under which he rented. And that there is nothing in the answer, or in the whole record, which justified the dissolution of the injunction which had been granted. It was not necessary to wait until trials at law had been had. The appellant had a right to look to the court (under whose authority he acted,) for protection- against annoyance, even by the prosecution of a suit which would call in question the right which he had derived from the court.
The injunction may not be the most appropriate mode of obtaining the object; but the end being within the power of the chancellor, we do not consider the mean essential, provided it will secure the end.
The chancellor had a right to act on the person of Givens, because he was a party to the suit in which the order, which he was virtually frustrating, had been made. The injunction operates in personam only ; and may be considered a supplement to the suit in chancery between Brown and Givens. But whether it may be so considered or not, it is a collateral and incidental proceeding in the same court, and growing out of that suit. We are, therefore, disposed to uphold it.
Wherefore, it is decreed by this court, that the decree of the circuit court be reversed, and the cause remanded.
If, on the return of the case, it shall appear, (as has been suggested by counsel to be the fact,) that the order for renting the ferry was rescinded before the renting by the sheriff, then, of course, the injunction may be discharged.